HIPÓLITO ANGLERÓ TEXIDOR, Petitioner and Appellant, *v.* GERARDO DELGADO, WARDEN, ETC., Respondent and Appellee.

No. AP-65-8.     Decided May 27, 1965.

420

*Edna Abruña Rodríguez* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Petitioner was convicted of rape and carrying weapons. The facts which resulted in his conviction—rape by violence—were committed by petitioner and two other co-defendants, who were also convicted.

The hearing of habeas corpus was held in the Superior Court, San Juan Part, and the petitioner was assisted by counsel. The petition for habeas corpus was dismissed. The only error assigned reads:

"Whether considered as Habeas Corpus or motion for nullity of judgment, the judgment rendered is void pursuant to the decision in *People* v. *Liceaga* and *Miranda* v. *Court,* for the reason that defendants pleaded guilty and the judgment was the result of the trial held in the newspapers."

Petitioner is not right, because *People* v. *Liceaga,* 36 P.R.R. 403, and *Miranda Colón* v. *Superior Court,* 88

P.R.R. 292 (1963) do not render the judgment in this case void. In *Liceaga* we followed the ruling in *People* v. *Laureano*, 34 P.R.R. 203, to the effect that when defendant pleads guilty and there are no aggravating circumstances the imposition of the maximum penalty is not justified. Forthwith let us say that the case at bar is different from *Miranda* v. *Superior Court, supra,* cited by petitioner, where there were no aggravating circumstances and the maximum was imposed. In the case at bar the maximum was not imposed and there were aggravating circumstances. The judgment in question was an indeterminate sentence of 25 to 50 years. Under our Penal Code the court could have imposed up to a maximum of life imprisonment. Sections 33 and 258; 33 L.P.R.A. §§ 53 and 964. The circumstances of the crime: rape committed in the most treacherous manner by three individuals, in addition to beating the victim, and the crime against nature, are of the kind which may be considered aggravating. On July 21, 1961 when we heard this case on appeal we stated that "after carefully examining the record and specially the circumstances of the crime confessed by defendant, we find no justification to disturb the sentence imposed . . . This is not an appropriate case to exercise our discretion to reduce the penalty imposed."

As to the doctrine in *Liceaga,* the other case cited by petitioner, in *González de Jesús* v. *Delgado, Warden,* 90 P.R.R. 30 (1964), we said:

"That rule, like any rule of law, is not to be mechanically applied. It must conform to the facts of each case. In the exercise of his discretion the trial judge is bound to determine the sentence, provided such sentence comes within the limits fixed by law and excepting the unusual case of abuse of discretion, in which case he could contravene the rule laid down in *Liceaga, supra.* In *Liceaga* we already said at p. 405 that that rule 'is not opposed to the principle of the discretion allowed the judges

in the imposition of penalties within the limits set by the law.'" We cannot construe automatically the aforecited rule in *Liceaga* as if every plea of guilty of an accused were equivalent to an amendment of the Penal Code. In the Code, the minimum and maximum penalties are provided for each offense by the legislature and save under the aforestated circumstances, those are the limits within which the judges shall exercise their discretion.

The judgment of the Superior Court, San Juan Part, rendered in this case will be affirmed.